IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIRUM PHARMACEUTICALS, INC., SATIOGEN PHARMACEUTICALS, INC. and SHIRE HUMAN GENETIC THERAPIES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. |
| ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS LIFESCIENCES LIMITED and ZYDUS PHARMACEUTICALS (USA) INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Mirum Pharmaceuticals, Inc. ("Mirum"), Satiogen Pharmaceuticals, Inc. ("Satiogen"), and Shire Human Genetic Therapies, Inc. ("SHGT") (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Zydus Lifesciences Global FZE ("Zydus FZE"), Zydus Lifesciences Limited ("Zydus Lifesciences"), and Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") (collectively "Zydus" or "Defendants") and hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patents laws of the United States, Title 35, United States Code, that arises from Defendant Zydus FZE's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of Mirum's LIVMARLI® (maralixibat) prior to the expiration of U.S. Patent Nos. 10,512,657 (the "'657 patent"); 11,229,661 (the "'661 patent); 12,350,267 (the "'267 patent); 11,229,647 (the "'647 patent"); 11,376,251 (the "'251 patent"); 11,497,745 (the "'745 patent"); 11,918,578 (the "'578 patent");

and 11,260,053 (the "'053 patent") (collectively the "Asserted Patents").

2.    In a letter dated November 20, 2025 and received by Plaintiffs on or about November 21, 2025 ("Notice Letter"), Zydus FZE notified Plaintiffs that it had submitted to the FDA ANDA No. 220669 ("Zydus's ANDA"), with a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic Maralixibat Chloride Solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL ("Zydus's ANDA Product") prior to the expiration of the '657, '661, '267, '647, '251, '745, and '578 patents.

3.    The Notice Letter included an Exhibit A, titled "Zydus's Detailed Factual and Legal Bases in Support of its Paragraph IV Certification for Maralixibat Oral Solution, 9.5 mg/mL and 19 mg/mL," directed to the '657, '661, '267, '647, '251, '745, and '578 patents. On information and belief, Zydus's ANDA includes a Paragraph IV certification, asserting that the claims of the '657, '661, '267, '647, '251, '745, and '578 patents are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Zydus's ANDA Product.

4.    Zydus's Notice Letter did not include any statement regarding the alleged invalidity, non-infringement, or unenforceability of the '053 patent, which is also listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") for LIVMARLI® 9.5 mg Base/mL oral solution.

5.    On information and belief, Defendants seek approval to market Zydus's ANDA Product before the expiration of all the Asserted Patents, including the '053 patent.

## PARTIES

6.    Plaintiff Mirum is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404.

7.     Plaintiff Satiogen is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404.  Satiogen is a wholly owned subsidiary of Mirum.

8.     Plaintiff SHGT is a corporation organized and existing under the laws of the State of Delaware and having its place of business at 300 Shire Way, Lexington, MA 02421.  SHGT is a wholly owned subsidiary of Takeda Pharmaceuticals U.S.A., Inc.

9.     On information and belief, Defendant Zydus FZE is a corporation organized and existing under the laws of the United Arab Emirates and having a principal place of business at FZJO B2601, Jebel Ali Free Zone Dubai, United Arab Emirates.

10.     On information and belief, Defendant Zydus Lifesciences is a corporation organized and existing under the laws of the Republic of India and having its principal place of business located at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad, Gujarat 382481, India.

11.     On information and belief Defendant Zydus USA is a corporation organized and existing under the laws of the State of New Jersey and having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

12.     On information and belief, Zydus FZE and Zydus USA are wholly owned subsidiaries of Zydus Lifesciences.[1]

---

[1] *See Neurocrine Biosciences, Inc. v. Zydus FZE Pharms. (USA) Inc.*, No. 1:25-cv-00509, D.I. 17 at ¶¶ 9, 10 (D. Del. Oct. 27, 2025) (admitting Zydus FZE and Zydus USA are subsidiaries of Zydus Lifesciences); *Calliditas Therapeutics AB v. Zydus Pharms. (USA) Inc.*, No. 1:25-cv-00368, D.I. 1 at ¶ 6 (D. Del. Jul. 7, 2025) and D.I. 10 at ¶ 6 (D. Del. Jul. 7, 2025) (admitting Zydus USA is a wholly-owned subsidiary of Zydus Lifesciences); Feb. 22, 2024 Letter from Zydus Lifesciences Limited to BSE Limited, available at https://zyduslife.com/investor/ (click on "Intimation under Regulation 30", then click "2024", then click "Incorporation of WOS in UAE 22-Feb-2024"), https://zyduslife.com/investor/admin/uploads/21/82/Incorporation-of-a-WOS-in-UAE-22-Feb-2024.pdf (explaining that Zydus Lifesciences incorporated wholly owned subsidiary Zydus FZE).

13.    On information and belief, Zydus USA is the US agent for Zydus FZE and Zydus Lifesciences with respect to Zydus's ANDA.  Zydus's Notice Letter was signed by "Brij Khera, Ph.D." as the "agent for Zydus Lifesciences Global FZE" and represented the same individual as the Executive Vice President and Chief Legal Officer for Zydus USA.  The letterhead for the Notice Letter also identified Zydus USA.

14.    On information and belief, Zydus USA is "the US generic drug division of [Zydus Lifesciences] and "spearheads [Zydus Lifesciences'] operations in the US.[2]

15.    On information and belief, Defendants collaborate with respect to, among other things, the development, regulatory approval, marketing, sale, and/or distribution of generic copies of branded pharmaceutical products, throughout the United States, including in the State of Delaware.  On further information and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA are agents of one another and/or operate in concert as integrated parts of the same business group, including with respect to the preparation and submission of Zydus's ANDA and the development, manufacturing, marketing, sale, and distribution of Zydus's ANDA Product.

16.    On information and belief, Zydus USA and Zydus Lifesciences were, are, and will be actively involved in the preparation, submission, maintenance, and further prosecution of Zydus's ANDA, together with Zydus FZE, and they intend to directly or indirectly benefit from the preparation, submission, maintenance, and further prosecution of Zydus's ANDA, such that Zydus USA and Zydus Lifesciences should be deemed submitters of Zydus's ANDA together with Zydus FZE.

---

[2]  *See* Zydus Lifesciences Ltd. 2024-2025 Annual Report, at 151, available at https://companiesmarketcap.com/annual-reports/72443.ar.en.2024-2025.pdf (last accessed Dec. 8, 2025) (explaining Zydus USA "spearheads [Zydus Lifesciences'] operations in the US"); *see also* https://zydususa.com/ ("Zydus Pharmaceuticals (USA) Inc. is the US generic drug division of a much larger company known as Zydus Lifesciences.").

17.    On information and belief and consistent with their practice with respect to other generic pharmaceutical products, following approval of Zydus's ANDA, Defendants will engage in the manufacture, use, offer for sale, sale, and/or distribution in, and/or importation into, the United States, including the State of Delaware, of Zydus's ANDA Product.

18.    On information and belief, Defendants intend to act collaboratively to manufacture, market, distribute, use, offer for sale, sell, and/or import into the United States, including into the State of Delaware, Zydus's ANDA Product, in the event the FDA approves Zydus's ANDA.

## JURISDICTION AND VENUE

19.    This is a civil action for patent infringement arising under the patents laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, and 2202.

20.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21.    This Court has personal jurisdiction over Zydus FZE, Zydus Lifesciences, and Zydus USA because, on information and belief, each has continuous and systematic contacts with the State of Delaware, regularly conducts business in Delaware either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, and has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here.

22.    On information and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA are engaged in developing, manufacturing, marketing, selling, and distributing, either directly or through subsidiaries, agents, and/or alter egos, a broad range of generic pharmaceutical products globally, and a substantial number of these products are marketed, sold, and distributed throughout

the United States, including in the State of Delaware and this judicial district.[3]  On information

and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA purposefully operate their marketing,

sales, and distribution infrastructure in the United States, including in the State of Delaware and

this judicial district, either directly or through subsidiaries, agents, and/or alter egos.  On

information and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA are licensed to sell

pharmaceutical products in the State of Delaware, either directly or through subsidiaries, agents,

and/or alter egos.

23.    On information and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA, by

selling pharmaceutical products, either directly or through subsidiaries, agents, and/or alter egos

regularly do business in the State of Delaware and this judicial district and have systematically

placed goods into the stream of commerce for distribution throughout the United States, including

in Delaware and this judicial district.  Zydus FZE, Zydus Lifesciences, and Zydus USA derive

---

[3] *See Overview*, Zydus Pharmaceuticals USA, https://zydususa.com/overview/ (last visited Dec. 8, 2025) (explaining Zydus USA "offers more than 500 SKUs to the US market and is ranked the fifth largest unbranded generic corporation in the US based on dispensed prescriptions" and "has filed over 145 drug master files[,] . . . received final USFDA approval [on] over 280 . . .ANDAs[], and has over 75 ANDAs pending approval with the USFDA"); *id.* (noting Zydus Lifesciences is "India's fourth largest pharmaceutical company with more than 30 manufacturing plants worldwide and business operations in 55 countries including . . .the US"); *Operations*, Zydus, https://zyduslife.com/operations.html#global (explaining Zydus Lifesciences "has a strong presence in the regulated markets of the US"); Zydus, Zydus and MSN announces exclusive licensing and supply agreement for Cabozantinib Tablets (generic version of CABOMETYX®) for the US market (May 17, 2024), https://zyduslife.com/investor/admin/uploads/21/83/Zydus-and-MSN-announces-exclusive-licensing-and-supply-agreement-for-Cabozantinib-Tablets-(generic-version-of-CABOMETYX-)-for-the-US-market.pdf (last visited Dec. 8, 2025) (explaining Zydus FZE will market drug in the US); Zydus, Zydus announces exclusive licensing and supply agreement for two Gadolinium based Magnetic Resonance Imaging (MRI) injectable, contrast agents in the US (Sept. 13, 2024), https://zyduslife.com/investor/admin/uploads/21/83/Zydus-announces-exclusive-licensing-and-supply-agreement-for-two-Gadolinium-based-Magnetic-Resonance-Imaging-(MRI)-injectable--contrast-agents-in-the-US-.pdf (last visited Dec. 8, 2025) (similar).

substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Zydus FZE, Zydus Lifesciences, and Zydus USA or their affiliates and/or for which Zydus FZE, Zydus Lifesciences, and Zydus USA are the named applicant on approved ANDAs.[4]  On information and belief, various products for which Zydus FZE, Zydus Lifesciences, and Zydus USA are the named applicant(s) on approved ANDAs are available at pharmacies in Delaware.[5]

24.     Zydus FZE is identified as the filer of Zydus's ANDA in the Notice Letter.

25.     On information and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA acted in concert with respect to the preparing and filing of Zydus's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of Zydus's ANDA Product in the United States, including in the State of Delaware and this judicial district.

26.     On information and belief, upon approval of Zydus's ANDA, Zydus FZE, Zydus Lifesciences, and Zydus USA will directly or through subsidiaries, agents, and/or alter egos market, distribute, offer for sale, sell, and/or import Zydus's ANDA Product in the United States, including in Delaware and this judicial district, and will derive substantial revenue from the use or consumption of Zydus's ANDA Product in Delaware and this judicial district.  On information and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA plan to list Zydus's ANDA Product on Delaware's prescription drug formulary and seek Medicaid reimbursements for the sales of Zydus's ANDA Product in Delaware, either directly or through subsidiaries, agents, and/or alter

---

[4] *See supra* n.3; *see also* Zydus Lifesciences Limited, Corporate Presentation (Nov. 2025), https://www.zyduslife.com/investor/admin/uploads/15/85/November-2025.pdf (last visited Dec. 8, 2025) at slide 17 (noting 423 approved ANDAs as of Nov. 2025 and $1.3 billion in revenue in FY25 from US formulations).

[5] *See FAQ, How to Get Zydus Products*, Zydus Pharmaceuticals USA, https://zydususa.com/faq/ (last visited Dec. 8, 2025) (explaining "Zydus's generic products can be found across the country in most pharmacies, both in store as well as mail order.").

egos.  On information and belief, if Zydus's ANDA is approved, Zydus's ANDA Product, under the direction and control of physicians practicing in Delaware, will be administered to and used by patients in Delaware and this judicial district.

27.    LIVMARLI® is marketed, sold, and distributed throughout the United States, including in the State of Delaware and this judicial district, and Plaintiffs are each incorporated in Delaware.  Consequently, the injury and consequences of Defendants' filing of Zydus's ANDA and challenging Plaintiffs' patent rights are suffered in Delaware.

28.    On information and belief, Zydus FZE, Zydus Lifesciences, and Zydus USA have previously used the process contemplated by Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(b), and the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to file ANDAs and challenge branded pharmaceutical companies' patents by filing a Paragraph IV certification, serving a notice letter on those branded pharmaceutical companies, and engaging in patent litigation as contemplated by the Hatch-Waxman Act, including in the State of Delaware and this judicial district.[6]

29.    On information and belief, with knowledge of the Hatch-Waxman Act, Defendants sent the Notice Letter to Mirum and SHGT, and alleged in the Notice Letter the invalidity, unenforceability, and/or non-infringement of the '657, '661, '267, '647, '251, '745, and '578 patents.  On information and belief, Defendants deliberately challenged Plaintiffs' patent rights with the Notice Letter and knew when they did so that they were triggering a forty-five-day period for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.

---

[6] *See, e.g.*, *Neurocrine Biosciences, Inc. v. Zydus FZE Pharms. (USA) Inc.*, No. 1:25-cv-00509, D.I. 17 (D. Del. Oct. 27, 2025); *Calliditas Therapeutics AB v. Zydus Pharms. (USA) Inc.*, No. 1:25-cv-00368, D.I. 10 (D. Del. Jul. 7, 2025); *Astellas Pharma Inc. et al. v. Zydus Pharms. (USA), Inc.*, No. 1:24-cv-01069, D.I. 15 (D. Del. Dec. 9, 2024); *Par Pharm., Inc. v. Zydus Pharms. (USA) Inc.*, No. 1:23-cv-00866, D.I. 17 (D. Del. Sep. 5, 2023).

30.     On information and belief, Defendants knew that they were deliberately challenging intellectual property held in Delaware and that the effects of any successful challenge of the Asserted Patents would be felt by Plaintiffs in Delaware.  Defendants have been litigants in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that by sending the Notice Letter to Plaintiffs they would be sued in Delaware for patent infringement.

31.     On information and belief, Defendants know and intend that, if Zydus's ANDA is approved, Zydus's ANDA Product will be marketed, distributed, and sold in Delaware and will displace sales of LIVMARLI®, resulting in harm to Plaintiffs in Delaware.

32.     On information and belief, Zydus Lifesciences and Zydus USA have been sued in this judicial district without challenging personal jurisdiction or venue and have availed themselves of the legal protections of the State of Delaware by filing claims or counterclaims affirmatively seeking relief in other prior pharmaceutical patent actions in this Court.  *See, e.g.*, *Allergan USA, Inc. v. Aurobindo Pharma Ltd.*, 1:19-cv-02317, D.I. 26 at 33-38 (D. Del. Apr. 27, 2020); *AstraZeneca AB v. Zydus Pharms. (USA) Inc.*, 1:18-cv-00664, D.I. 9 at 12-23 (D. Del. June 22, 2018).  Further, Zydus FZE, Zydus Lifesciences, and Zydus USA have previously consented to personal jurisdiction in Delaware.  *See, e.g.*, *Neurocrine Biosciences., Inc. v. Zydus Pharms (USA) Inc.*, No. 1:25-cv-00509, D.I. 17 at 5-7 (D. Del. Oct. 27, 2025); *Calliditas Therapeutics AB v. Zydus Pharms. (USA) Inc.*, No. 1:25-cv-00368, D.I. 10 at 3 (D. Del. Jul. 7, 2025); *Astellas Pharma Inc. v. Zydus Pharms. (USA), Inc.*, No. 1:24-cv-01069, D.I. 15 at 6-8 (D. Del. Dec. 9, 2024); *Par Pharm. Inc. v. Zydus Pharms. (USA) Inc.*, No. 1:23-cv-00866, D.I. 17 at 2-5 (D. Del. Sep. 5, 2023).

33.     Alternatively, this Court's exercise of personal jurisdiction over Zydus FZE and

Zydus Lifesciences is proper because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met: (1) Plaintiffs' claims arise under federal law; (2) Zydus FZE and Zydus Lifesciences are foreign defendants not subject to general personal jurisdiction in any state's courts of general jurisdiction; and (3) Zydus FZE and Zydus Lifesciences have sufficient contacts with the United States, including by preparing and submitting Zydus's ANDA as well as manufacturing, selling, and marketing pharmaceutical products in the United States, including in this judicial district, such that exercising jurisdiction over Zydus FZE and Zydus Lifesciences is consistent with the United States Constitution and laws.

34.     Venue is proper in this Court as to Zydus FZE, Zydus Lifesciences, and Zydus USA under 28 U.S.C. §§ 1391 and 1400(b) and/or Federal Rule of Civil Procedure 4(k)(2).

## BACKGROUND

35.     LIVMARLI® is indicated for the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS) and for the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC).

36.     Plaintiff Mirum is the holder of the approved New Drug Application ("NDA") No. 214662 for LIVMARLI®. LIVMARLI® is manufactured for Mirum and is sold in the United States pursuant to NDA No. 214662.

### A.     The '657 Patent

37.     The '657 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on December 24, 2019. A true and correct copy of the '657 patent is attached as Exhibit A.

38.     Plaintiff SHGT is the assignee and owner of the '657 patent.

39.     Plaintiff Mirum is the exclusive licensee of the '657 patent.

40.    The '657 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL and 19 mg Base/mL solution.

**B.    The '661 Patent**

41.    The '661 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on January 25, 2022.  A true and correct copy of the '661 patent is attached as Exhibit B.

42.    Plaintiff SHGT is the assignee and owner of the '661 patent.

43.    Plaintiff Mirum is the exclusive licensee of the '661 patent.

44.    The '661 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL and 19 mg Base/mL solution.

**C.    The '267 Patent**

45.    The '267 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on July 8, 2025.  A true and correct copy of the '267 patent is attached as Exhibit C.

46.    Plaintiff SHGT is the assignee and owner of the '267 patent.

47.    Plaintiff Mirum is the exclusive licensee of the '267 patent.

48.    The '267 patent is listed in the Orange Book for LIVMARLI® Eq. 19 mg Base/mL solution.

**D.    The '647 Patent**

49.    The '647 patent, titled "Methods for treating cholestasis," was duly and legally issued on January 25, 2022.  A true and correct copy of the '647 patent is attached as Exhibit D.

50.    Plaintiff Mirum is the assignee and owner of the '647 patent.

51.    The '647 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### E.    The '251 Patent

52.    The '251 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on July 5, 2022.  A true and correct copy of the '251 patent is attached as Exhibit E.

53.    Plaintiff SHGT is the assignee and owner of the '251 patent.

54.    Plaintiff Mirum is the exclusive licensee of the '251 patent.

55.    The '251 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### F.    The '745 Patent

56.    The '745 patent, titled "Methods for treating cholestasis," was duly and legally issued on November 15, 2022.  A true and correct copy of the '745 patent is attached as Exhibit F.

57.    Plaintiff Mirum is the assignee and owner of the '745 patent.

58.    The '745 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### G.    The '578 Patent

59.    The '578 patent, titled "Methods for treating cholestasis," was duly and legally issued on March 5, 2024.  A true and correct copy of the '578 patent is attached as Exhibit G.

60.    Plaintiff Mirum is the assignee and owner of the '578 patent.

61.    The '578 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### H.    The '053 Patent

62.    The '053 patent, titled "Bile acid recycling inhibitors and satiogens for treatment of diabetes, obesity, and inflammatory gastrointestinal conditions," was duly and legally issued on March 1, 2022.  A true and correct copy of the '053 patent is attached as Exhibit H.

63.     Plaintiff Satiogen is the assignee and owner of the '053 patent.

64.     The '053 patent is listed in the Orange Book for LIVMARLI® Eq. 9.5 mg Base/mL solution.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,512,657

65.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

66.     On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '657 patent, including but not limited to independent claims 1-3, either literally or under the doctrine of equivalents.

67.     Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

68.     The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zydus's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '657 patent, including at least claim 2.

69.     Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

70.     The April 2025 label for LIVMARLI® ("LIVMARLI® Label")[7] is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zydus's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

71.     Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

72.     Section 12.5 of the LIVMARLI® Label explains that PFIC is "a heterogenous disease . . . with different PFIC subtypes occurring in the general population[,]" including PFIC2.

73.     On information and belief, Zydus's ANDA Product is covered by one or more claims of the '657 patent, including at least independent claims 1-3, because the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

74.     On information and belief, the use of Zydus's ANDA Product will infringe at least claims 1 and 3 of the '657 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating or ameliorating pediatric progressive familial intrahepatic cholestasis type 2 (PFIC2) in a pediatric subject comprising administering to the pediatric subject the claimed Apical Sodium-dependent Bile Acid Transporter Inhibitor (ASBTI) or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically

---

[7] Available at https://livmarli.com/ (click on "Prescribing Information" to access https://files.mirumpharma.com/livmarli/livmarli-prescribinginformation.pdf) (last accessed Dec. 18, 2025).

acceptable salt thereof, wherein the ASBTI is effective for decreasing at least 20% of serum and/or hepatic bile acid levels in the pediatric subject as compared to bile acid levels prior to administration of the ASBTI.  Additionally, the '657 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating PFIC2 include the proposed indication for Zydus's ANDA Product.  *See, e.g.*, '657 patent, 83:66-84:16; *id.* at 6:27-29 (describing PFIC2 as a form of cholestatic liver disease); *id* at 6:48-50, 24:14-15 (describing PFIC2 and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

75.    On information and belief, the use of Zydus's ANDA Product will infringe claim 2 of the '657 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject suffering from PFIC2 comprising administering to the pediatric subject the claimed ASBTI or pharmaceutically acceptable salt thereof wherein the ASBTI is effective for decreasing at least 20% of serum and/or hepatic bile acid levels in the pediatric subject as compared to bile acid levels prior to administration of the ASBTI.

76.    On information and belief, the purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '657 patent.

77.    On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '657 patent is an act of infringement of the '657 patent under 35 U.S.C. § 271(e)(2)(A).

78.    On information and belief, Defendants plan, intend to, and will engage in the

manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '657 patent.

79.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '657 patent would infringe one or more claims of the '657 patent and Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '657 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '657 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

80.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '657 patent.

81.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

82.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '657 patent prior to submission of Zydus's ANDA at least because the '657 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

83.    On information and belief, Defendants have acted with full knowledge of the

'657 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '657 patent, actively inducing infringement of the '657 patent, and/or contributing to the infringement by others of the '657 patent. Defendants' submission of Zydus's ANDA with knowledge of the '657 patent and its infringement of the '657 patent makes this case exceptional.

84.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '657 patent.

85.    Unless Defendants are enjoined from infringing the '657 patent and actively inducing and contributing to the infringement of the '657 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,229,661

86.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

87.    On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '661 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

88.    Under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

89.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL. On information and belief, the proposed label for Zydus's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

90.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom

in patients with ALGS or PFIC[.]"

91.    Section 12.5 of the LIVMARLI® Label explains that PFIC is "a heterogenous disease . . . with different PFIC subtypes occurring in the general population[,]" including PFIC2.

92.    On information and belief, Zydus's ANDA Product is covered by one or more claims of the '661 patent, including at least independent claim 1 because the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

93.    On information and belief, the use of Zydus's ANDA Product will infringe at least claim 1 of the '661 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating or ameliorating a pediatric disorder characterized by having a non-truncating BSEP mutation in a pediatric subject, wherein the pediatric disorder is selected from PFIC2, benign recurrent intrahepatic cholestasis 2 (BRIC2), and drug induced cholestasis, comprising administering to the pediatric subject the claimed ASBTI or pharmaceutically acceptable salt thereof.  Additionally, the '661 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating PFIC2 include the proposed indication for Zydus's ANDA Product.  *See, e.g.*, '661 patent, 84:50-67; *see also id.* at 6:29-31, 24:5-7 (describing PFIC2 as a form of cholestatic liver disease and PFIC associated with mutations in BSEP); *id.* at 6:50-53, 24:17-20 (describing PFIC2 and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

94.    On information and belief, the purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '661 patent.

95.    On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '661 patent is an act of infringement of the '661 patent under 35 U.S.C. § 271(e)(2)(A).

96.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '661 patent.

97.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '661 patent would infringe one or more claims of the '661 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '661 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '661 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

98.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '661 patent.

99.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

100.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '661 patent prior to submission of Zydus's ANDA at least because the '661 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding

this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

101.    On information and belief, Defendants have acted with full knowledge of the '661 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '661 patent, actively inducing infringement of the '661 patent, and/or contributing to the infringement by others of the '661 patent.  Defendants' submission of Zydus's ANDA with knowledge of the '661 patent and its infringement of the '661 patent makes this case exceptional.

102.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '661 patent.

103.    Unless Defendants are enjoined from infringing the '661 patent and actively inducing and contributing to the infringement of the '661 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,350,267

104.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

105.    On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '267 patent, including but not limited to independent claims 1, 2, and 20, either literally or under the doctrine of equivalents.

106.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the

allegation" that a claim is invalid or unenforceable.

107.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zydus's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '267 patent, including at least claim 2.

108.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R §§ 314.94(a)(8), 314.127(a)(7).

109.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zydus's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

110.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC)."  *See* LIVMARLI® Label at Section 1.2.

111.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

112.    On information and belief, Zydus's ANDA Product is covered by one or more claims of the '267 patent, including at least independent claims 1, 2, and 20, because the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

113.    On information and belief, the use of Zydus's ANDA Product will infringe at least claims 1 and 20 of the '267 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating or ameliorating PFIC in a pediatric subject comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof.  Additionally, the '267 patent definition of "treating" makes clear that the claimed methods of treating or ameliorating PFIC include the proposed indication for Zydus's ANDA Product.  *See, e.g.*, '267 patent, 85:14-31; *id.* at 6:34-36 (describing PFIC as a form of cholestatic liver disease); *id* at 6:55-57, 23:13, 23:33-35, 24:21-22 (describing PFIC and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

114.    On information and belief, the use of Zydus's ANDA Product will infringe at least claim 2 of the '267 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject having PFIC comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutically acceptable salt thereof.

115.    On information and belief, the purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '267 patent.

116.    On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '267 patent is an act of infringement

of the '267 patent under 35 U.S.C. § 271(e)(2)(A).

117.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '267 patent.

118.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '267 patent would infringe one or more claims of the '267 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '267 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '267 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

119.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '267 patent.

120.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

121.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '267 patent prior to submission of Zydus's ANDA at least because the '267 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's

ANDA and any amendments thereto.

122.    On information and belief, Defendants have acted with full knowledge of the '267 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '267 patent, actively inducing infringement of the '267 patent, and/or contributing to the infringement by others of the '267 patent.  Defendants' submission of Zydus's ANDA with knowledge of the '267 patent and its infringement of the '267 patent makes this case exceptional.

123.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '267 patent.

124.    Unless Defendants are enjoined from infringing the '267 patent and actively inducing and contributing to the infringement of the '267 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,229,647

125.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

126.    On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '647 patent, including but not limited to independent claims 1 and 12, either literally or under the doctrine of equivalents.

127.    Under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

128.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zydus's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration

section (Section 2), and its clinical pharmacology section (Section 12).

129.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

130.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

131.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages covered by the '647 patent.

132.    On information and belief, Zydus's ANDA Product is covered by one or more claims of the '647 patent, including at least independent claims 1 and 12, because the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

133.    On information and belief, the use of Zydus's ANDA Product will infringe at least claims 1 and 12 of the '647 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treatment of ALGS in a pediatric subject in need of such treatment where Zydus's ANDA Product is administered in an amount of about 400 µg/kg/day and/or from about 400 µg/kg/day to about 800 µg/kg/day.    Additionally, the '647 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zydus's ANDA Product.    *See, e.g.*, '647 patent, 18:12-22, 21:4-21.

134.    On information and belief, the purpose of filing Zydus's ANDA was to obtain

approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '647 patent.

135.    On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '647 patent is an act of infringement of the '647 patent under 35 U.S.C. § 271(e)(2)(A).

136.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '647 patent.

137.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '647 patent would infringe one or more claims of the '647 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '647 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '647 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

138.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '647 patent.

139.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

140.    On information and belief, Defendants had actual and constructive knowledge of

the claims of the '647 patent prior to submission of Zydus's ANDA at least because the '647 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

141.    On information and belief, Defendants have acted with full knowledge of the '647 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '647 patent, actively inducing infringement of the '647 patent, and/or contributing to the infringement by others of the '647 patent.  Defendants' submission of Zydus's ANDA with knowledge of the '647 patent and its infringement of the '647 patent makes this case exceptional.

142.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '647 patent.

143.    Unless Defendants are enjoined from infringing the '647 patent and actively inducing and contributing to the infringement of the '647 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,376,251

144.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

145.    On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '251 patent, including but not limited to independent claims 1, 14, and 19, either literally or under the doctrine of equivalents.

146.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable,

or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

147.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zydus's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '251 patent, including claim 19.

148.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

149.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zydus's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

150.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)."  *See* LIVMARLI® Label at Section 1.1.

151.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

152.    On information and belief, Zydus's ANDA Product is covered by one or more claims of the '251 patent, including at least independent claims 1, 14, and 19, because the use of

Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

153. On information and belief, the use of Zydus's ANDA Product will infringe at least claims 1 and 14 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating or ameliorating ALGS in a pediatric subject comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof. Additionally, the '251 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zydus's ANDA Product. *See, e.g.*, '251 patent, 26:49-54, 85:31-48.

154. On information and belief, the use of Zydus's ANDA Product will infringe at least claim 19 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject suffering from ALGS comprising administering to the pediatric subject the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof.

155. On information and belief, the purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '251 patent.

156. On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '251 patent is an act of infringement

of the '251 patent under 35 U.S.C. § 271(e)(2)(A).

157.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '251 patent.

158.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '251 patent would infringe one or more claims of the '251 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '251 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '251 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

159.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '251 patent.

160.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

161.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '251 patent prior to submission of Zydus's ANDA at least because the '251 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's

ANDA and any amendments thereto.

162.    On information and belief, Defendants have acted with full knowledge of the '251 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '251 patent, actively inducing infringement of the '251 patent, and/or contributing to the infringement by others of the '251 patent.  Defendants' submission of Zydus's ANDA with knowledge of the '251 patent and its infringement of the '251 patent makes this case exceptional.

163.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '251 patent.

164.    Unless Defendants are enjoined from infringing the '251 patent and actively inducing and contributing to the infringement of the '251 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 11,497,745

165.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

166.    On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '745 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

167.    Under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

168.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zydus's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration

section (Section 2), and its clinical pharmacology section (Section 12).

169.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

170.    Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

171.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages covered by the '745 patent.

172.    On information and belief, Zydus's ANDA Product is covered by one or more claims of the '745 patent, including at least independent claim 1, because the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

173.    On information and belief, the use of Zydus's ANDA Product will infringe at least claim 1 of the '745 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating ALGS in a subject in need of such treatment comprising administering to the subject maralixibat in an amount of from 360 µg/kg/day to 880 µg/kg/day.  Additionally, the '745 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zydus's ANDA Product.  *See, e.g.*, '745 patent, 17:55-65, 20:45-62.

174.    On information and belief, the purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or

sale of Zydus's ANDA Product prior to the expiration of the '745 patent.

175.    On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '745 patent is an act of infringement of the '745 patent under 35 U.S.C. § 271(e)(2)(A).

176.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '745 patent.

177.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '745 patent would infringe one or more claims of the '745 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '745 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '745 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

178.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '745 patent.

179.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

180.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '745 patent prior to submission of Zydus's ANDA at least because the '745 patent

is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

181.    On information and belief, Defendants have acted with full knowledge of the '745 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '745 patent, actively inducing infringement of the '745 patent, and/or contributing to the infringement by others of the '745 patent. Defendants' submission of Zydus's ANDA with knowledge of the '745 patent and its infringement of the '745 patent makes this case exceptional.

182.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '745 patent.

183.    Unless Defendants are enjoined from infringing the '745 patent and actively inducing and contributing to the infringement of the '745 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 11,918,578

184.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

185.    On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '578 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

186.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why

the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

187.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zydus's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of the claims of the '578 patent, including claim 1.

188.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

189.    The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the proposed label for Zydus's ANDA Product is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), and its clinical pharmacology section (Section 12).

190.    The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)."  *See also* LIVMARLI® Label at Section 1.1.

191.    The LIVMARLI® Label directs administering maralixibat oral solution in dosages and compositions covered by the '578 patent.

192.    On information and belief, Zydus's ANDA Product is covered by one or more claims of the '578 patent, including at least independent claim 1, because the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets

each claim limitation.

193.    On information and belief, the use of Zydus's ANDA Product will infringe at least claim 1 of the '578 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for treating cholestatic pruritus in a subject having ALGS comprising administering to the subject maralixibat in an amount of from about 400 μg/kg/day to about 800 μg/kg/day, wherein maralixibat is administered as a liquid pharmaceutical composition comprising about 0.001 mg/mL to about 16 mg/mL of maralixibat.

194.    On information and belief, the purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '578 patent.

195.    On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '578 patent is an act of infringement of the '578 patent under 35 U.S.C. § 271(e)(2)(A).

196.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '578 patent.

197.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '578 patent would infringe one or more claims of the '578 patent, and/or Defendants would induce the infringement of and/or

contribute to the infringement of one or more claims of the '578 patent under 35 U.S.C. § 271(b) and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '578 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

198.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '578 patent.

199.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

200.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '578 patent prior to submission of Zydus's ANDA at least because the '578 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

201.    On information and belief, Defendants have acted with full knowledge of the '578 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '578 patent, actively inducing infringement of the '578 patent, and/or contributing to the infringement by others of the '578 patent.  Defendants' submission of Zydus's ANDA with knowledge of the '578 patent and its infringement of the '578 patent makes this case exceptional.

202.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '578 patent.

203.    Unless Defendants are enjoined from infringing the '578 patent and actively

inducing and contributing to the infringement of the '578 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 11,260,053

204.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

205.   On information and belief, the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '053 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

206.   Under, 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling.  *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

207.   Section 12.1 of the LIVMARLI® Label explains that maralixibat "decreases the reabsorption of bile acids (primarily the salt forms) from the terminal ileum."  On information and belief, decreasing the reabsorption of bile acids from the terminal ileum increases the concentration of bile acids and bile salts in the terminal ileum, which is part of the distal gastrointestinal tract.

208.   The LIVMARLI® Label is the label for maralixibat chloride solution, Oral, Eq. 9.5 mg Base/mL and 19 mg Base/mL.  On information and belief, the label for Zydus's ANDA Product is or will be substantially identical to the label for LIVMARLI®, including directing that Zydus's ANDA Product decreases the reabsorption of bile acids (primarily the salt forms) from the terminal ileum.

209.   On information and belief, Zydus's ANDA Product is covered by one or more claims of the '053 patent, including at least independent claim 1, because the use of Zydus's ANDA Product in accordance with and as directed by the proposed labeling for that product meets each claim limitation.

210.    On information and belief, the use of Zydus's ANDA Product will infringe at least claim 1 of the '053 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zydus's ANDA Product instructs and encourages the use of Zydus's ANDA Product by healthcare professionals and patients for increasing the concentration of bile acids and salts thereof in the distal gastrointestinal tract of an individual comprising administering the claimed ASBTI to the individual, wherein a therapeutically effective amount of the ASBTI is delivered to the distal ileum, the colon, or the rectum of an individual in need thereof.

211.    On information and belief, the purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '053 patent.

212.    On information and belief, Defendants' submission of Zydus's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '053 patent is an act of infringement of the '053 patent under 35 U.S.C. § 271(e)(2)(A).

213.    On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product as well as the proposed labeling for that product immediately and imminently upon approval of Zydus's ANDA and any amendments thereto and prior to the expiration of the '053 patent.

214.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product prior to the expiration of the '053 patent would infringe one or more claims of the '053 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '053 patent under 35 U.S.C. § 271(b)

and/or (c).  On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '053 patent immediately and imminently upon approval of Zydus's ANDA and any amendments thereto.

215.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zydus's ANDA Product and therefore will infringe the '053 patent.

216.    On information and belief, Zydus's ANDA Product lacks any substantial non-infringing use.

217.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '053 patent prior to submission of Zydus's ANDA at least because the '053 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® drug product.  Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Zydus's ANDA and any amendments thereto.

218.    On information and belief, Defendants have acted with full knowledge of the '053 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '053 patent, actively inducing infringement of the '053 patent, and/or contributing to the infringement by others of the '053 patent.  Defendants' submission of Zydus's ANDA with knowledge of the '053 patent and its infringement of the '053 patent makes this case exceptional.

219.    An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '053 patent.

220.    Unless Defendants are enjoined from infringing the '053 patent and actively inducing and contributing to the infringement of the '053 patent, Plaintiffs will suffer irreparable

injury.  Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court grant the following relief:

A.     A judgment declaring that, under 35 U.S.C. § 271(e)(2)(A), Defendants infringed the Asserted Patents, either literally or under the doctrine of equivalents, by submitting ANDA No. 220669 to the FDA to obtain approval to commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States Zydus's ANDA Product prior to the expiration of the Asserted Patents;

B.     A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Zydus's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents prior to the expiration date of the Asserted Patents, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Asserted Patents under 35 U.S.C. § 271(b), and/or (c), either literally or under the doctrine of equivalents;

C.     An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval for Defendants to make, use, offer for sale, sell, market, distribute, or import Zydus's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents be no earlier than the last expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

D.     A permanent injunction enjoining Defendants, and all persons acting in concert with Defendants from seeking, obtaining, or maintaining final approval of ANDA

No. 220669 until the expiration of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

E.    A permanent injunction, under 35 U.S.C. § 271(e)(4)(B), enjoining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Zydus's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

F.    An award of monetary relief to Plaintiffs, under 35 U.S.C. § 271(e)(4)(C), to the extent Defendants manufacture, use, offer for sale, sell, market, or distribute within the United States, or import into the United States, Zydus's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

G.    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

H.    An award of Plaintiffs' costs and expenses in this action; and

I.    Such further and other relief as the Court deems just and proper.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs  Mirum*
*Pharmaceuticals, Inc., Satiogen*
*Pharmaceuticals, Inc. and Shire Human*
*Genetic Therapies, Inc.*

OF COUNSEL:
Sanya Sukduang
Jonathan Davies
Brittany Cazakoff
John Habibi
Jordan Landers
Rachel Preston
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 842-7800
*Attorneys for Plaintiffs*
*Mirum Pharmaceuticals, Inc. and*
*Satiogen Pharmaceuticals, Inc.*

Zhiqiang Liu
Andrew Cohen
Basil Williams
Tiffany Li
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
*Attorneys for Plaintiff*
*Shire Human Genetic Therapies, Inc.*

Dated: December 19, 2025